B. H. McDaniel v. Joseph White and another.

1—The ruling in Hall v. Keese (31 Tex., 504) approved, that the abolition of slavery took effect in Texas on the 19th of June, 1865.

2—A warranty given in 1860 that negroes then sold were slaves for life was only a guaranty of their legal *status* at that time, and never was a warranty against their future emancipation.

3—The pecuniary loss involved in the emancipation of slaves fell upon those only who were slave-owners at the time, and not upon their vendors who sold with the ordinary warranty that the negroes were slaves for life.

Error from Grimes.    Tried below before the Hon. N. Hart Davis.

This suit was brought by the plaintiff in error in September, 1865, on a note for $4500, dated January 5, 1860, and due on the 1st of January, 1861.    Sundry payments on the note, made in 1861 and 1862, were credited in the petition.

The defendants, appellees in this court, pleaded that the note was given for the purchase money of certain designated negroes, who were warranted by the plaintiff to be slaves for life.    They set up the emancipation of the slaves in several different aspects as available to them in defense to the note sued on, alleging that by reason of emancipation the warranty was broken and the consideration of the note had failed; and, further, that it was against public policy to enforce contracts based upon the sale and purchase of slaves.

Out of these defenses sprung sundry exceptions and amendments, with rulings of the court below thereon; and all resulting in the case going to trial as though the inquiry was with respect to the value of the services of the slaves for the time elapsed between the date of the note and of their emancipation, on the one hand, and the payments made by defendants to plantiff on the other.

On a balance struck by the jury on that sort of a basis, a verdict for $10 53 was returned in favor of the plaintiff, and he had judgment for that amount and cost of suit.    Being refused a new trial, he gave notice of appeal, but the case is brought up by writ of error.

*J. C. Easton* and *J. R. Kennard*, for plaintiff in error.

No brief for the defendants in error.

Lindsay, J.—In the case of Hall v. Keese, decided by this court at the Austin term, 1868, it was adjudged that the abolition of slavery in the State of Texas took place on the 19th day of June, 1865, when the authorized agent of the United States gave official notification to the people of the State that

all open public armed resistance to the national authority had ceased, and that full resumption of national and legal control had been accomplished; and, as the result of the war, that all slaves within its borders were thenceforth emancipate and free. The very declaration, by this accredited agent and military officer of the national government, was a recognition of the fact that up to that moment slavery existed in the State; and that, as a sequence to the necessity of repressing the rebellion, the government then exercised its right of destroying the institution by force. The consideration for the note sued on was a good and valuable one in law at the time the note was executed, to wit: on the 5th day of January, 1860. Slaves, by the laws of Texas, were then chattels, and vendible, and traffic in them was not repugnant to the constitution of the United States.

But the purchasers of the slaves, for which they gave the note sued on, rely upon a covenant in the bill of sale, executed and delivered to them at the time of sale, in which they were affirmed to be slaves for life. This covenant was only a pledge, or guaranty, of the legal *status* of the property at time of sale, and could not extend to what might be its future condition, any more than a covenant of soundness would be a guaranty that the slaves would never thereafter become sick. Whether or not the slaves sold died in the service of the purchasers, does not appear in the record. Nor would it be material if it had so appeared. Being vendible chattels at the time of the sale, it is only important to inquire whose property they were on the 19th of June, 1865. If they were then the property of the makers of note sued on, and were at that time emancipated by a *vis major*, it is only the misfortune of the owner at that time, and he alone must sustain the loss of the property then destroyed.

The only legal defense set up by the defendants in the court below being the plea of partial payment, and there being no proof that even conduced to establish any other partial payments than what were admitted in the petition, this court will reverse the judgment. And proceeding to render such judg-

ment as should have been rendered in the District Court, it is ordered and adjudged that the plaintiff do have judgment for the amount of the note sued on, with the interest therein stipulated to be paid, deducting credits therefrom, and granting him execution for the residue, with costs, after such abatement of said credits.

Reversed and rendered.